UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re: Timothy Bederka and
Tammy Lynn Bederka,

Debtors.
_____/

Case No. 04-60070
Chapter 13
Judge Marci B. McIvor

## OPINION SUSTAINING IN PART TRUSTEE'S OBJECTIONS TO DEBTORS' COUNSEL'S FIRST APPLICATION FOR ATTORNEY FEES

This matter came before the Court on the Trustee's Objections to Debtors' Attorney's Application for Attorney Fees. The Trustee asserts that the hourly rate for certain attorneys is too high, that one time entry is duplicative, and that the fees requested for preparing the fee application are too high. Having reviewed the file, the Fee Application, and the Objections thereto, the Court sustains the objections in part and awards Debtors' attorney total fees in the amount of $ 775.50.

### Facts

Debtors Timothy and Tammy Bederka filed a Chapter 13 bankruptcy petition on July 16, 2004. A Plan was confirmed on October 7, 2004. On July 5, 2005, Debtors' attorney filed a First Application for Order Approving Attorney Fees and Expenses. The Trustee filed objections to the Application asserting that the hourly rate for certain attorneys is too high, that one time entry is duplicative, and that the fees requested for preparing the fee application are too high. A hearing on the Application was held August 11, 2005.

### Analysis

A. Jurisdiction

This is a core proceeding under 28 U.S.C. § 28 U.S.C. 157(b)(2)(A), over which

this Court has jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157(a).

B. Standard for Awarding Fees

In the Sixth Circuit, the lodestar method is used for calculating fees. *In re Boddy*, 950 F.2d 334, 337 (6th Cir. 1991). The lodestar amount is calculated by multiplying the attorney's reasonable hourly rate by the number of hours reasonably expended. *Id.* Bankruptcy Code § 330(a) codifies the criteria for evaluating fee requests. Section 330(a) states, in part:

> (1) After notice to the parties in interest and the United States Trustee and a hearing, and subject to sections 326, 328, and 329, the court may award to a trustee, an examiner, a professional person employed under section 327 or 1103 --
>
>> (A) reasonable compensation for actual, necessary services rendered by the trustee, examiner, professional person, or attorney and by any para-professional personal employed by any such person; and
>>
>> (B) reimbursement for actual, necessary expenses.
>
> (2) The court may, on its own motion or on the motion of the United States Trustee, the United States Trustee for the District or Region, the trustee for the estate, or any other party in interest, award compensation that is less than the amount of compensation that is requested.
>
> (3) In determining the amount of reasonable compensation to be awarded, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant facts, including
>
>> (A) the time spent on such services;
>>
>> (B) the rates charged for such services;
>>
>> (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>>
>> (D) whether the services were performed within a reasonable

2

amount of time commensurate with the complexity, importance, and nature of the problem, issue or task addressed; and

(E) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

(4)(A) Except as provided in subparagraph (B), the court shall not allow compensation for --

(i) unnecessary duplication of services; or

(ii) services that were not --

(I) reasonably likely to benefit the debtor's estate; or

(II) necessary to the administration of the case.

\* \* \*

A bankruptcy court has broad discretion in determining fee awards. *Manf. Nat'l Bank v. Auto Specialities Mfg. Co. (In re Auto Specialities Mfg. Co.)*, 18 F.3d 358 (6th Cir. 1994).

## C. Specific Objections to Fees and Costs

Having specifically reviewed the file, the Fee Application and the Objections to the Fee Application, the Court finds that the overall fees requested in the Application (the hourly rate and the number of hours billed) are reasonable.

### 1. Hourly Rates

The Trustee asserts that the hourly rates for one attorney and one paralegal are unreasonable. (Trustee's Objections, ¶¶ 3, 4). In each instance the rate requested is between $10 and $25 dollars per hour higher than the rate deemed reasonable by the Trustee in comparable Chapter 13 cases. While the Court agrees that the rates are on the high side of those paid to comparable practitioners, the rates and hours charged in

3

this case do not appear excessive.

Rule 2016-1 (b)(11) of the Local Bankruptcy Rules for the Eastern District of Michigan requires that "a brief biographical statement of the professional experience of each attorney for whom an award of compensation is sought" be included with fee applications. The Court notes that the Application in the present case fails to include this information. The Court is well-acquainted with the firm filing the application, Firebaugh & Andrews, P.C. The firm generally represents its clients in an efficient and competent manner and the Court is confident that the firm is entitled to the fees sought in this case. Having said that, however, Counsel should note that the Court will require strict compliance with all provisions in the local rules going forward and all fee applications must include the biographical information specified in the local rules.

2. Specific Time Entries

The Trustee objects to the time entry dated April 21, 2004 as duplicative of the time entry dated April 4, 2005. (Objections ¶ 1). The Court concurs with the Objection and reduces Counsel's fee by $15.00.

3. Fees Related to Preparation of Fee Application

The Trustee objects to fees requested relating to preparation of the fee application. That entry, dated July 1, 2005, seeks $42.00 (.2 hours at $210.00 per hour). "Absent exceptional circumstances, fees for the preparation of fee applications should be limited to 5% of the total fees requested." *In re Bass*, 227 B.R. 103, 109 (Bankr. E.D. Mich. 1998).

Applying *Bass* to the present fee application, the $42.00 sought by Debtors' Counsel is only slightly above (approximately $4.00 above) the 5% baseline set forth in

4

*Bass.* Because the application substantially complies with *Bass*, the Court declines to reduce the fees related to preparation of the fee application.

Conclusion

For the reasons stated above, the Trustee's Objections to Debtors' Counsel's First Application for Attorney Fees and Expenses are sustained in part. Debtors' Counsel is awarded total fees of $ 775.50.

Marci B. McIvor
United States Bankruptcy Judge

Dated: AUG 26 2005
Detroit, Michigan

cc: Samuel Firebaugh
David Ruskin